# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

September 27, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**WILLIAM SWISHER,**
**Claimant Below, Petitioner**

**vs.)   No. 15-0952** (BOR Appeal No. 2050266)
(Claim No. 2014031880)

**CONSTELLIUM ROLLED PRODUCTS,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner William Swisher, by Edwin H. Pancake, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Constellium Rolled Products, by Lisa Warner Hunter, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated September 1, 2015, in which the Board affirmed a February 6, 2015, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges modified the claims administrator's March 31, 2014, decision to reject the claim and held that it has not been demonstrated by a preponderance of the evidence that a compensable injury occurred. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Swisher, a garage mechanic for Constellium Rolled Products, allegedly injured himself on March 17, 2014, while squatting down to pick up a grate. Records from Jackson General Hospital showed that Mr. Swisher presented with back pain that he attributed to a fall that occurred around one month earlier. Constellium Rolled Products introduced a treatment record dated February 10, 2014, from Dr. Witt that indicated Mr. Swisher injured his back while

1

shoveling snow at home. The diagnoses were a lumbosacral sprain and a right sacroiliac sprain. A March 18, 2014, telephone communication record from Michael Witt, D.O., indicated that Mr. Swisher reported he slipped on ice at home on and fell on February 10, 2014. It also indicated that he slipped on the same day at work but did not fall.

Mr. Swisher filled out a report of injury on March 21, 2014, in which he asserted that he injured himself on March 17, 2014, when he bent down to pick up a grate and had shooting pain when he stood back up. The stated diagnoses were thoracic or lumbosacral neuritis or radiculitis, unspecified and a sprain/strain of the sacroiliac region. On March 31, 2014, the claims administrator rejected the claim. An April 8, 2014, MRI report of the lumbar spine revealed moderate multilevel degenerative disc disease, worse at L5-S1. There was a large right paracentral disc extrusion at this level. It was noted that it likely impinged the right S1 nerve root within the canal.

Mr. Swisher was deposed on September 8, 2014. He stated that on March 17, 2014, he and a co-worker were cleaning out the grease pit in the shop, and he squatted down to pick up a piece of grate. When he stood back up, he had excruciating pain in his lower back on the right side. He told Mr. McCoy, a foreman, that he was going to go into the lunchroom to lie down. He thought that would relieve the pain, but it did not. As a result, his co-worker, Rod Jones, called an ambulance. He was treated at Jackson General Hospital where he was prescribed medicine and was advised to remain off work for about seven days to heal. The doctor thought he might have had sciatica. Mr. Swisher stated that prior to this current injury, on March 17, 2014, he had a similar injury to the low back which was not as severe. He had pain in his lower back and right leg when he slipped on some ice at the plant on February 7, 2014, while coming in to work. He went to the chiropractor on February 8, 2014, and did not miss any work. After he saw the chiropractor, the pain was not relieved. He testified that by the time of the new injury his pain had subsided. He indicated that after the injury, an MRI showed a herniated disc at L5-S1. He testified that he underwent surgery on June 16, 2014, which was performed by David Weinsweig, M.D. He also admitted that he had some back pain and underwent chiropractic treatment for several years prior to the alleged injury.

The Office of Judges determined that Mr. Swisher did not injure himself in the course of and as a result of his employment. The Office of Judges noted that Mr. Swisher had a long history of back complaints, dating at least back to March 2008. Further, the Office of Judges found there was contradictory information as to whether Mr. Swisher slipped on ice at work on February 10, 2014, or whether Mr. Swisher was shoveling snow at home when he fell. The note from Dr. Witt dated February 10, 2014, did not mention slipping on ice at work, but stated that Mr. Swisher shoveled snow at home which aggravated his back. Dr. Witt noted that Mr. Swisher's back had been hurting before, and that he had had back pain on and off for quite some time. Then, in a telephone communication record from Dr. Witt's office, Mr. Swisher reported that he slipped on ice at home on February 10, 2014, and again at work, but did not fall. The Office of Judges determined that Mr. Swisher did not introduce sufficient evidence to show that he was injured on March 17, 2014. The Office of Judges determined his lower back pain was caused by pre-existing conditions that were exacerbated by his injury shoveling snow at home. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

After review, we agree with the reasoning and conclusions of the Office of Judges and Board of Review. Multiple records indicated that Mr. Swisher's symptoms were not due to an alleged incident on March 17, 2014. Because the evidence of record supports the inference that a compensable injury did not occur, it was not in error for the Board of Review and Office of Judges to rule as they did.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: September 27, 2016**

**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II